**Matthew SUPAN, Plaintiff,**

v.

**MEDICAL BUREAU OF ECONOMICS, INC., Defendant.**

**Civ. No. N–90–611 (AHN).**

United States District Court, D. Connecticut.

Dec. 26, 1991.

Joanne S. Faulkner, New Haven, Conn., for plaintiff.

E. Huntington Deming, Coan, Lewendon and Royston, New Haven, Conn., Howard M. Miller, Miller, Ottenberg and Dunkless, Boston, Mass., pro hac vice, for defendant.

### ORDER

NEVAS, District Judge.

After review and over objection, the Magistrate's Recommended Ruling is approved, adopted and ratified.

SO ORDERED.

### MAGISTRATE'S OPINION

THOMAS P. SMITH, United States Magistrate Judge.

The plaintiff brought this action claiming that the defendant violated the Fair Debt Collection Practices Act (hereafter "FDCPA"). 15 U.S.C. § 1692 *et seq.* Both

parties have moved for summary judgment. For the reasons set forth herein, the plaintiff's motion for summary judgment should be granted and the defendant's denied.

The FDCPA prohibits the use of "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To determine whether a particular debt collection practice is misleading or deceptive, courts employ the "least sophisticated consumer standard"—inquiring whether the least sophisticated consumer would likely be misled or deceived by the practice at issue. *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988); *Gaetano v. Payco of Wisconsin*, 774 F.Supp. 1404, 1407 (D.Conn.1990).

A showing of only one false or misleading representation is sufficient to support liability. 15 U.S.C. § 1692k(a); *Spalding v. NCB Business Services, Inc.*, Civil No. N–89–560 (AHN) (D.Conn. April 12, 1990). In the context of a summary judgment motion, liability will be found when there are no material facts in dispute and the facts demonstrate the plaintiff is entitled to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247–52, 106 S.Ct. 2505, 2509–12, 91 L.Ed.2d 202 (1986).

In this case, the undisputed facts demonstrate that two of the letters that were sent to the plaintiff were signed in the names of persons who were not employed by the defendant. The mere fact that the letters were signed in the names of nonexistent persons is sufficient to establish liability under the FDCPA. *Hunter v. NCB Collection Services*, Civil No. N–89–342 (WWE) (June 29, 1990); *Spalding v. NCB Business Services, Inc., supra, slip op.* at 2.

In making this ruling, the magistrate has considered the arguments of the defendant that *Hunter* and *Spalding* were wrongly decided and has found them to be without merit. The representation in the letters that certain persons were employed by the defendant was clearly false and, therefore, violative of the FDCPA. Additionally, the undisputed facts demonstrate that the defendant sent the letters to the plaintiff knowing that the persons represented in the letters were not employed by it.

For the foregoing reasons, the plaintiff's motion for summary judgment should be granted, the defendant's denied. Either party is free to seek timely review of this ruling pursuant to 28 U.S.C. § 636, and Local Rule 2 for U.S. Magistrates.

Dated at Hartford, Connecticut, this 3rd day of October, 1991.